*186 OPINION.
ARItndell :
The Commissioner does not dispute that the petitioner is entitled to a deduction for the amortization of the plant and equipment acquired in 1917 for the manufacture of aeroplanes for the United States War Department. Nor is there any dispute as to the cost of subsequent additions for which the petitioner is entitled to an amortization deduction, both parties agreeing upon the amount of $101,859.19 as the cost of the additions. It is the cost to the petitionfer of the plant and equipment acquired in 1917 that is in controversy.
The Commissioner has computed the deficiency upon the basis of a value of the plant and equipment of $70,000, and a cost to the petitioner of that amount. The petitioner claims the sum of $150,000 *187 as the cost to it of the Globe Iron Works properties, including the land, which sum was paid by stocks and bonds, and which represents the actual value of the properties at the time of acquisition.
We have found as a fact that the properties acquired by the petitioner had a value of $150,000 at the time acquired by the petitioner. This value is amply supported by testimony of men familiar with the character and condition of the land and buildings and the state of preservation of the machinery. As to the cost of the property to the petitioner, the record is clear' that the officers of the petitioner considered the Globe properties to be worth $150,000, and that they intended to pay and did pay that amount by the issuance of $70,000 in bonds and $80,000 in preferred stock. The Commissioner takes the position that the sale was directly between the equitable owners of the Globe Iron Works properties (the bondholders) and the petitioner, as Henderson and Bobertson did not have title to the properties. This is controverted by the evidence which shows that Henderson acquired the record title by deed dated June 3, 1915, which, for anything we know to the contrary, he had power to convey, and further the deed by which the petitioner acquired the property was a deed given by 'Henderson.
Our conclusion on the points we have so far considered are that the properties of the Globe Iron Works at the time of acquisition by the petitioner had a value of $150,000 and that the petitioner acquired them at that price.
Included in the amount awarded the petitioner by the United States in 1919 for cancellation of the order given in October, 1918, was an amount of $22,085.61 awarded for loss in value of special facilities chargeable to canceled contract. This amount, $22,085.61, should accordingly be subtracted from the amount which would otherwise be subject to deduction for amortization in accordance with our findings and opinion set forth above. This is in accordance with the opinions heretofore rendered in Appeals of G. M. Standifer Construction Corporation, 4 B. T. A. 525, 558, and Peninsula Shipbuilding Co., 5 B. T. A. 739.
The record does not show the changes made by the Commissioner in the items listed by the petitioner in its return for the year 1919, and the petition filed sets forth no allegations of error with respect to that year. However, as the Commissioner has determined a deficiency for 1919 and the petition specifically sets forth that the deficiency for that year is in controversy, it is within our jurisdiction to take into consideration the facts presented with respect to that deficiency. Counsel for the Commissioner agreed at the hearing that a reaudit of the petitioner’s 1919 return would be made so as to properly reflect the amount of $22,085.61 received in that year as an award for loss in value of special facilities. If a reaudit discloses *188 a net loss for the yaar 1919, as the result of the allowance of the item of $22,085.61, the amount of the net loss determined should be allowed as a deduction from 1918 income under the provisions of section 204 of the Revenue Act of 1918.
The petitioner claims a deduction from 1918 income of the amount of $9,407.76 expended in 1917, for the reason that it had no income in the latter year against which to deduct this amount. The evidence does not show these expenditures to have been of such a nature as to permit of their deduction as expenses in any year, and on this state of the record we must affirm the action of the Commissioner in disallowing as a deduction for 1918 the amount claimed.

Judgment will be entered on 15 days’ notice, under Rule 50.